UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                    Case No.  10-75502-ast

Display Group, Inc.                                               Chapter 11

                                    Debtor.
-------------------------------------------------------------X

# **MEMORANDUM OPINION ON DEBTOR'S FAILURE TO MAKE**
# **A SMALL BUSINESS DESIGNATION**

Pending before the Court in the above referenced chapter 11 case is a motion filed by the United States Trustee ("UST") requesting, pursuant to Rule 1020(b) of the Federal Rules of Bankruptcy Procedure, that this Court determine that Debtor, Display Group, Inc. ("Debtor"), is a small business debtor as defined under Section 101(51D) of the Bankruptcy Code, and objecting to Debtor's failure to designate this case as a small business case under Section 101(51C) ("Motion"). [dkt item 15]    Debtor did not file a response to the Motion.

On October 20, 2010, the Court held a hearing on the Motion ("Hearing").  At the hearing, Debtor stated that it did not object to its designation as a small business debtor and this case as a small business case, but asked that the deadlines applicable in a small business case take effect as of the date of the designation as a small business case, rather than as of the petition date. This Court took under submission the impact of the deadlines applicable in as small business case where a debtor initially fails to designate itself as a small business debtor but is later designated as such by the Court.  For the reasons stated herein, this Court concludes that the deadlines applicable in a small business case take effect as of the petition date.

## Procedural History

On July 15, 2010, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code[1] (the "Petition"). [dkt item 1]

On September 14, 2010, the UST filed the Motion. [dkt item 15]

On October 20, 2010, the Court held the Hearing on the Motion. The Court took the matter outlined above under submission.

## Factual Background

On the Petition, Debtor checked the box that states "Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D)." [dkt item 1][2] Also on the Petition, Debtor lists total assets of $141,600.00 and total debts of $349,866.03. Included in these debts are unsecured priority claims totaling $194,512.35, which consists of $183,111.00 owed to the Internal Revenue Service ("IRS"), and $11,401.35 owed to the New York State Department of Taxation and Finance. The only assets listed by Debtor is various personal property set out on Schedule B; no real property is listed on Schedule A, and no creditors holding secured claims are listed on Schedule D.

On August 19, 2010, the Court entered an Order authorizing the retention of Macco & Stern, LLP, as counsel for the Debtor ("Counsel"). [dkt item 10]

On August 20, 2010, the UST conducted the meeting of creditors pursuant to Section 341 of the Bankruptcy Code, and thereafter electronically docketed a statement that it was unable to

---

[1] Throughout this Memorandum Opinion, all statutory references to the Bankruptcy Code are under Title 11 of the United States Code, §§ 101-1532, unless otherwise indicated.

[2] The voluntary petition, which is Official Bankruptcy Form B1 as promulgated by the Administrative Office of the United States Courts and prescribed by the Judicial Conference of the United States, has a section in which chapter 11 debtors must check that either "Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D)" or "Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D)." *See also* FED. R. BANKR. P. 9009. Here, Debtor checked the "is not" box.

appoint a Committee of Unsecured Creditors pursuant to 11 U.S.C. § 1102(a).

On August 25, 2010, the Court entered an order establishing November 5, 2010, as the last day to file proofs of claims against Debtor. [dkt item 12]

On September 14, 2010, the UST filed the instant Motion. [dkt item 15]

On October 20, 2010, a stipulation regarding the use of cash collateral and adequate protection between Debtor, the Internal Revenue Service, and the UST was so ordered by the Court. [dkt item 19]

On October 20, 2010, the Court held the Hearing on the Motion. Counsel appeared for Debtor and the UST. Because Debtor expressly did not object to the Motion, no evidence was taken.

## **Legal Analysis**

*The Mechanics of the Small Business Designation Under Rule 1020 and Objection Thereto*

Section 101(51D) of the Bankruptcy Code defines a small business debtor, in pertinent parts, as "a person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the petition . . . in an amount not more than $2,190,000 . . . for a case in which the United States trustee has not appointed under section 1102(a)(1) a committee of unsecured creditors or where the court has determined that the committee of unsecured creditors is not sufficiently active and representative to provide effective oversight of the debtor [.]" 11 U.S.C. § 101(51D).

Rule 1020(a) governs the procedure for a debtor to designate itself as a small business debtor, and provides that "In a voluntary chapter 11 case, the debtor shall state in the petition whether the debtor is a small business debtor." FED. R. BANK. P. 1020(a); *see also In re CCT Commc'ns, Inc.*, 420 B.R. 160, 173 (Bankr. S.D.N.Y. 2009); *In re Save Our Springs (S.O.S.)*

*Alliance, Inc*., 393 B.R. 452 (Bankr. W.D. Tex.2008). Rule 1020(b) authorizes the UST or a party-in-interest to object to Debtor's statement as to whether it is a small business or not no later than thirty (30) days after the conclusion of the Section 341 meeting.[3] FED. R. BANK. P. 1020(b). Because of the nature of the small business case, however, as further discussed *infra*, Rule 1020(c) provides that if a creditors committee has been appointed under Section 1102(a)(1), "the case shall proceed as a small business case only if, and from the time when, the court enters an order determining that the committee has not been sufficiently active and representative to

---

[3] (a) Small business debtor designation

In a voluntary chapter 11 case, the debtor shall state in the petition whether the debtor is a small business debtor. In an involuntary chapter 11 case, the debtor shall file within 14 days after entry of the order for relief a statement as to whether the debtor is a small business debtor. Except as provided in subdivision (c), the status of the case as a small business case shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect.

(b) Objecting to designation

Except as provided in subdivision (c), the United States trustee or a party in interest may file an objection to the debtor's statement under subdivision (a) no later than 30 days after the conclusion of the meeting of creditors held under § 341(a) of the Code, or within 30 days after any amendment to the statement, whichever is later.

(c) Appointment of committee of unsecured creditors

If a committee of unsecured creditors has been appointed under § 1102(a)(1), the case shall proceed as a small business case only if, and from the time when, the court enters an order determining that the committee has not been sufficiently active and representative to provide effective oversight of the debtor and that the debtor satisfies all the other requirements for being a small business. A request for a determination under this subdivision may be filed by the United States trustee or a party in interest only within a reasonable time after the failure of the committee to be sufficiently active and representative. The debtor may file a request for a determination at any time as to whether the committee has been sufficiently active and representative.

(d) Procedure for objection or determination

Any objection or request for a determination under this rule shall be governed by Rule 9014 and served on: the debtor; the debtor's attorney; the United States trustee; the trustee; any committee appointed under § 1102 or its authorized agent, or, if no committee of unsecured creditors has been appointed under § 1102, the creditors included on the list filed under Rule 1007(d); and any other entity as the court directs.

FED. R. BANK. P. 1020.

Memorandum Opinion- p. 4

provide effective oversight of the debtor and that the debtor satisfies all the other requirements for being a small business." FED. R. BANK. P. 1020(c).

Debtor's Section 341 meeting was held and concluded on August 20, 2010. The UST was unable to appoint a creditors committee in this case.

On September 14, 2010, the UST timely objected to Debtor's designation as not being a small business. *See* FED. R. BANK. P. 1020(b).

*Legislative History of the Small Business Designation*

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), debtors which had certain financial attributes could elect to be treated as a small business. *Compare* 11 U.S.C. § 1121(e) (2004) (establishing deadlines "[i]n a case in which the debtor is a small business *and elects* to be considered a small business" (emphasis supplied)) *with* 11 U.S.C. § 1121(c)(2010)(deleting reference to a small business debtor's "election"). Moreover, BAPCPA amended certain definitions within the Bankruptcy Code related to a small business debtor.[4] *See In re Roots Rents, Inc*., 420 B.R. 28, 34-35 (Bankr. D. Idaho 2009)(citing Hon. Thomas E. Carlson & Jennifer Frasier Hayes, *The Small Business Provisions of the 2005 Bankruptcy Amendments*, 79 AM. BANKR. L.J. 645, 679 (2005) ("The most important change in the definition of 'small business' Debtor is the small business treatment is no longer elective. The cost-and-delay reduction provisions are now mandatory for all Chapter 11 debtors who satisfy the debt and type-of-business limitations of §101(51D).")).

Most significantly, Rule 1020 of the Federal Rules of Bankruptcy Procedure, which

---

[4] The BAPCPA amendments replaced Section 101(51C), which defined a small business debtor, "with a definition of a small business case" which is "a case filed under chapter 11 of this title in which the debtor is a small business debtor." 11 U.S.C. § 101(51C)(2010). A small business debtor is now defined by Section 101(51D). 11 U.S.C. § 101(51D)(2010); Hon. Thomas E. Carlson & Jennifer Frasier Hayes, *The Small Business Provisions of the 2005 Bankruptcy Amendments*, 79 AM. BANKR. L.J. 645, 679 (2005).

formerly provided for the election of a debtor to be treated as a small business, was amended by Interim Rule 1020, clarifying that a small business debtor no longer has discretion to proceed or not proceed as a "small business debtor." The Advisory Committee Notes to the 2008 amendments to Rule 1020 of the Federal Rules of Bankruptcy Procedure state that "[U]nder the Code, as amended in 2005, there are no longer any provisions permitting or requiring a small business debtor to elect to be treated as a small business. Therefore, the election provisions in the rule are eliminated." FED. R. BANK. P. 1020 advisory committee's note; *see also In re Roots Rent*, 420 B.R. at 35 n.10. Interim Rule 1020 became permanently effective on December 1, 2008.

Further, Congress intended that bankruptcy courts be more active in "judicial oversight of small business bankruptcy cases, which often are the least likely to reorganize successfully." H. COMM. ON THE JUDICIARY, BANKRUPTCY ABUSE PREVENTION AND CONSUMER PROTECTION ACT OF 2005, H. Rep. No. 109-31, pt. 1, at 92 (2005) (the "Report").[5] However, Congress also provided under Section 101(51D) that a case which may otherwise qualify as a small business case but in which a creditors committee has been sufficiently active and representative to provide effective oversight of the debtor need not be designated as a small business case. Presumably, this is because the committee would be providing the oversight that the UST and/or the court

---

[5] As cited in *In re AMAP Sales & Collision, Inc.*, in the Report, at page 19, Congress further stated as follows:

> Most chapter 11 cases are filed by small business debtors. Although the Bankruptcy Code envisions that creditors should play a major role in the oversight of chapter 11 cases, this often does not occur with respect to small business debtors. The main reason is that creditors in these smaller cases do not have claims large enough to warrant the time and money to participate actively in these cases. The resulting lack of creditor oversight creates a greater need for the United States trustee to monitor these cases closely. Nevertheless, the monitoring of these debtors by United States trustees varies throughout the nation. S[enate Bill] 256 addresses the special problems presented by small business cases by instituting a variety of time frames and enforcement mechanisms designed to weed out small business debtors who are not likely to reorganize. It also requires these cases to be more actively monitored by United States trustees and the bankruptcy courts.

*In re AMAP Sales & Collision, Inc.*, 403 B.R. 244, 248 (Bankr. E.D.N.Y.2009)

might otherwise provide, thus reducing the need for the type of additional reporting and meeting otherwise required of a small business debtor, which is further discussed *infra*.

*Deadlines Triggered By the Small Business Designation*

This Court has previously written on the deadlines imposed upon the small business debtor. *See, e.g.*, *In re Darby Gen. Contracting*, 410 B.R. 136 (Bankr. E.D.N.Y. 2009); *AMAP*, 403 B.R. 244. Judge Bernstein of the United States Bankruptcy Court for the Southern District of New York and Judge Gargotta of the United States Bankruptcy Court for the Western District of Texas have also written on this issue. *See CCT Commc'ns, Inc.*, 420 B.R. 160; *S.O.S.*, 393 B.R. 452 (providing extensive analysis of the timing mechanics and other important issues affecting confirmation in a small business case.).

In sum, Section 1121(e)(1) addresses the small business debtor's time to file a plan and disclosure statement by first providing that only the debtor may file a plan for the first 180 days after the date of the order for relief, but that the debtor must file a plan within 300 days. 11 U.S.C. § 1121(e)(1). Under Section 1121(e)(2), the 180-day exclusivity period may be extended for cause and prior to its expiration, but only to a date which is no more than 300 days after the date of the order for relief. 11 U.S.C. § 1121(e)(2). Regardless of the date on which the plan is filed, however, the court must confirm an appropriate plan within 45 days after filing of the Plan, pursuant to Section 1129(e), unless such deadline is extended for cause prior to its expiry.[6] 11 U.S.C. § 1129(e).

---

[6] The section provides as follows:
In a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e)(3) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3).

11 U.S.C. § 1129(e).

Memorandum Opinion- p. 7

*Additional Requirements Triggered By the Small Business Designation*

In addition to specific confirmation deadlines, a small business debtor is subject to the reporting and meeting requirements established under Section 1116. *See* 11 U.S.C. § 1116. By way of example, a small business debtor must file "its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return[.]" 11 U.S.C. § 1116(1)(A). Moreover, the small business debtor's senior management personnel and counsel must attend all meetings scheduled by the court or the UST, and the debtor must maintain any required insurance, remain current on its tax obligations, and allow the UST or a designee access to its premises, books and records upon reasonable notice. *Id.* § 1116 (2)-(7).

*Benefits of Waiver of a Separate Disclosure Statement, Conditional Approval of Disclosure Statement and Combined Hearing on Approval of a Disclosure Statement and Plan Confirmation*

One benefit provided a small business debtor is the ability to obtain a waiver of the filing of a separate disclosure statement, or obtain conditional approval of its disclosure statement, even *ex parte*, and to have a combined hearing on final approval of its disclosure statement and confirmation of its Plan. *See* 11 U.S.C. § 1125(f)(3);[7] FED. R. BANK. P. 3017.1.

---

[7] Notwithstanding subsection (b), in a small business case--

> (1) the court may determine that the plan itself provides adequate information and that a separate disclosure statement is not necessary;
>
> (2) the court may approve a disclosure statement submitted on standard forms approved by the court or adopted under section 2075 of title 28; and
> (3)(A) the court may conditionally approve a disclosure statement subject to final approval after notice and a hearing;
>
> (B) acceptances and rejections of a plan may be solicited based on a conditionally approved disclosure statement if the debtor provides adequate information to each holder of a claim or interest that is solicited, but a conditionally approved disclosure statement shall be mailed not later than 25 days before the date of the hearing on confirmation of the plan; and
>
> (C) the hearing on the disclosure statement may be combined with the hearing on confirmation of a plan.

11 U.S.C. § 1125(f).

Memorandum Opinion- p. 8

*When the Applicable Deadlines and Reporting Requirements Begin to Run*

As noted, Rule 1020(a), applicable to cases filed as of December 1, 2008, requires that a chapter 11 debtor "shall state in the petition whether the debtor is a small business." FED. R. BANK. P. 1020(a). If a debtor's financial attributes fall within those circumscribed by Section 101(51D)(A), but the debtor fails to properly designate itself in the petition, Rule 1020(a) provides that "a small business case shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect . . .." FED. R. BANK. P. 1020(a). The remaining issue, then, is when a debtor designated by the court as a small business debtor is subject to the associated reporting requirements, meetings, timing provisions, and deadlines specifically applicable to the small business debtor.

When the applicable deadlines, reporting, and remaining requirements begin to run is an issue of statutory and rule construction. This Court must apply the guiding principles of statutory construction to the Bankruptcy Code, starting with the language of the statute. "[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004). To determine if a statute's language is plain, the Court must look to "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341(1997).

Here, Congress in the Bankruptcy Code did not differentiate between deadlines for cases initially filed as small business cases and those determined to be such. The exclusivity period in Section 1121(e)(1) and the outside deadline for debtor to file a plan in Section 1121(e)(1) are expressly stated as running from the order for relief, which is the petition date in a voluntary case. 11 U.S.C. § 1121(e)(1), (2). Similarly, the reporting requirements under Section 1116, when

Memorandum Opinion- p. 9

specifying a deadline by which the debtor must act, also refer to the date of the order for relief. *See* 11 U.S.C. § 1116(1), (3).

Further, while Rule 1020(a) states that the "status of the case as a small business case shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect," neither the Bankruptcy Rules nor the Bankruptcy Code provides for an extension of the established Code deadlines which expressly run from the order for relief. Had Congress intended that the applicable deadlines for a debtor which improperly does not designate itself as a small business debtor run from the later of the order for relief or the date of designation by the court, Congress would have so provided.[8]

Further, the designation is not jurisdictional. The Federal Bankruptcy Rules are clear that a debtor which possesses the financial attributes that fall within those circumscribed by Section 101(51D)(A) for a small business debtor and for which no committee is appointed, but does not designate itself as a small business debtor, and is never designated a small business debtor by the court, may proceed through the case as a non-small business debtor. Rule 1020(b) establishes a specific deadline to object to debtor designation or non-designation at "no later than 30 days after the conclusion of the meeting of creditors held under § 341(a) of the Code, or within 30 days after

---

[8] The Court also notes that under the Rules Enabling Act, a Federal Rule of Bankruptcy Procedure, i.e., the election for designation as a small business debtor under Rule 1020(a), should not "modify any substantive right" granted by the "order for relief" which appears in the statute. *See* 28 U.S.C. § 2072; *see also Shady Grove Orthopedic Assocs., PA v. Allstate Ins. Co*, 130 S.Ct. 1431, 1442 (2010). However, this Court need not and does not reach the issue of an improperly non-designated case under Rule 1020(c) in which a creditors committee has been appointed, as to which Rule 1020(c) expressly states that the case "shall proceed as a small business case only if, **and from the time when**, the court enters an order determining that the committee has not been sufficiently active and representative to provide effective oversight of the debtor...." FED. R. BANK. P. 1020 (c)(emphasis supplied). The clause "from the time when" in Rule 1020(c) does not appear in Rule 1020(a), which addresses improperly non-designated cases which shall proceed "in accordance with the debtor's statement under this subdivision, **unless and until** the court enters an order finding that the debtor's statement is incorrect." FED. R. BANK. P. 1020(a) (emphasis supplied).

Memorandum Opinion- p. 10

any amendment to the statement, whichever is later."[9] Absent timely objection, the case proceeds as a non-small business debtor case.

Further, it is clear that a debtor which obtains benefits from designation as a small business debtor may be judicially estopped to later attempt to de-designate itself. *See CCT Commc'ns, Inc.*, 420 B.R. 160; *S.O.S.*, 393 B.R. 452.

Thus, in this case, Debtor's deadlines run from July 15, 2010, the petition date, not the date of this decision or the order hereon.

---

[9] This Court needs not and does not reach the issue of a case in which an objection to a non-designation is filed after the deadline to file a plan under Section 1121(e)(2) has expired. If the Section 341 meeting has not been concluded within 270 days after the petition date, the Rule 1020(b) deadline to object, which runs 30 days after the conclusion of the meeting of creditors, would not have run before a small business debtor's 300 day deadline to file a plan.

Memorandum Opinion- p. 11

## Conclusion

Debtor's designation was incorrect. Debtor is a small business debtor and this case is a small business case. All deadlines which run from the petition date or the order for relief all run from July 15, 2010. An order consistent herewith shall issue.

Dated: November 16, 2010　　　　　　　　　　　　　　　　　Alan S. Trust
      Central Islip, New York　　　　　　　　　　　　United States Bankruptcy Judge